In the Matter of JOSEPH RUSSO, Petitioner, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York, Respondent.

Supreme Court, Special Term, Kings County, June 2, 1944.

*Nathaniel H. Kramer* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Samuel J. Jacobson* of counsel), **for** respondent.

UGHETTA, J. On February 25, 1944, petitioner herein was arrested upon a charge of vagrancy. Following a trial he

was duly acquitted. At the time of his arrest the sum of $2,600 was found upon his person. He is alleged to have said, at such time, that he was delivering the money " from a book-maker to a winner ". The money was taken from him and deposited with the property clerk of the Police Department of the City of New York. It appears that following his acquittal, petitioner duly demanded the return of the money but such demand has not been complied with. In consequence of the property clerk's refusal to return the money, petitioner has brought an action for the alleged conversion thereof. That action is now pending in the City Court of the City of New York, Kings County.

On April 26, 1944, petitioner was served with a subpœna issued by the Police Commissioner, apparently pursuant to subdivision a of section 434a–33.0 of the Administrative Code of the City of New York (L. 1937, ch. 929, as amd.), for the purpose of causing his oral examination to be taken before the property clerk " as to any facts relative to the justness of a certain account or claim against the property clerk, which was presented by [petitioner] on February 24, 1944, the said claim being for $2600, as indicated on voucher #44 K 852 ".

By way of the present special proceeding, *and not pursuant to a motion brought in the above-mentioned City Court action,* petitioner seeks an order directing that the subpœna be quashed. There is an obvious incongruity in the opposition which is offered by the respondent to the relief demanded in the petition. Thus, though respondent freely admits that the subpœna was not served pursuant to any of the provisions of article 29 of the Civil Practice Act (§ 288 *et seq.*), he nevertheless insists that petitioner should have invoked the procedure contemplated by those very provisions (specifically § 291) for the purpose of challenging the propriety of the examination. In other words, respondent contends that petitioner should have proceeded by motion, *brought in the above-mentioned pending action,* to vacate the subpœna rather than by independently having instituted the instant special proceeding to procure the quashing. Since, however, respondent himself is admittedly not seeking the examination as an incident of the action itself, it is difficult to fathom just why petitioner should be relegated to a motion *in that action* to procure the vacatur. If respondent may afford to ignore the pendency of the action in his endeavor to examine petitioner, it certainly seems axiomatic that the identical course is cogently open to the latter when he seeks to avoid the necessity of submitting thereto.

It may well be that the issuance of the subpœna, extrinsically of the pending action, was motivated by a very understandable

reason. The burden of establishing the possessory right to the money in question will rest, upon trial in the pending action, squarely upon the shoulders of the petitioner as plaintiff therein. This conclusion is manifested by the provisions of subdivision b of section 435–4.0 of the Administrative Code of the City of New York. (See, also, *Hofferman* v. *Simmons*, 290 N. Y. 449.) Ordinarily the right to examine an adverse party before trial is given only to that party who bears the affirmative burden upon an issue. In consequence of the foregoing rule of practice, an attempt by the respondent to obtain an examination before trial of plaintiff in the pending action as to the nature of plaintiff's claim therein would very probably have proved abortive. Respondent should not be allowed to circumvent the preclusive applicability of that rule by the course here sought to be pursued. A purely fishing expedition, even if collaterally conducted under the present guise, cannot be permitted.

It will be noted, as heretofore observed, that the proposed examination of the petitioner is sought for the purpose of eliciting " facts relative to the *justness* " of petitioner's demand for the return of the money. The " justness " of plaintiff's claim to the money — to wit: whether he is the true owner thereof or is lawfully vested with any other possessory right thereto — is the very issue around which the controversy in the City Court action will center. The jurisdiction of that court having been invoked by the petitioner, for the purpose of determining such issue, there is no requirement nor propriety in compelling him to be examined upon that very issue in an independent proceeding conducted by the respondent.

Motion to vacate subpœna granted.